## MATTER OF ALVAN

### Application for Permission to Change Schools

#### A-14276068

*Decided by District Director January 6, 1965*

Application for permission to change schools is denied, in the exercise of discretion, to a nonimmigrant student who, notwithstanding a prior determination by the American Embassy of his proficiency in the English language, made no effort to attend the school to which destined at the time of visa issuance and admission to the United States but instead enrolled, and had actually started classes, in a public day school for immigrants when he made application for transfer thereto, and whose financial support is allegedly to be furnished by one who is in this country as a nonimmigrant and whose authorized stay expires shortly, since it has not been established applicant is a *bona fide* student nor that he has or will have financial support to permit him to sustain himself while pursuing a full course of study in the United States.

**Discussion:** The applicant is an unmarried 32-year-old native of Jerusalem. He has no relatives in the United States. His father is deceased. His mother, two brothers and a sister reside in Israel.

Mr. Alvan was admitted to this country at New York, New York, on November 23, 1964, as a nonimmigrant student (F-1) to November 22, 1965, destined to the Massachusetts Radio School, Boston, Massachusetts. It was on the basis of the Certificate of Eligibility (Form I-20) from that school that the American Consul at Tel Aviv issued a student visa to him.

On December 15, 1964, Mr. Alvan presented Form I-20, Certificate of Eligibility, issued by the Day School for Immigrants, a City of Boston public school, and applied for permission to transfer there. On that date, he informed the interviewing Immigrant Inspector that friends in this country told him that his knowledge of English was not sufficient to qualify at the Massachusetts Radio School and that he should study the English language first. He did not seek the views of the Massachusetts Radio School in this regard and did not appear at that school at all but instead enrolled

in the Day School for Immigrants. He began his studies there on December 14, the day preceding his appearance at this office. The applicant's Form I-20 from the Massachusetts Radio School shows that proficiency in the English language is required and the school had determined that the student has the required proficiency on the basis of an examination in English at the American Embassy. The interview, at this office, was conducted in English. A representative of the Hebrew Immigrant Aid Society was present.

The Form I-20 which Mr. Alvan presented on arrival in this country showed that he would be supported financially while in the United States by a friend, Baruch Mazor (A13 802 858). At his interview on December 15, the applicant stated that he had met Mr. Mazor in Israel and came to the United States at his suggestion. Mr. Mazor is a participant in Exchange Program P-III-2369 of the American Association for Jewish Education and will have completed his maximum allowable time in this country on August 15, 1965. Mr. Alvan wishes to pursue courses in radio and television because Israel does not yet have television and it is a field with a good future there. He anticipates his education here will take two years and stated that he will then return to Israel.

The record establishes that this 32-year-old man entered the United States on November 23, 1964, destined to the Massachusetts Radio School, which had issued the Certificate of Eligibility that formed the basis for the nonimmigrant visa issued to him and for his admission to the United States. His proficiency in the English language was determined by an examination at the American Embassy in Tel Aviv. On December 11, 1964, he obtained a Certificate of Eligibility from the Superintendent of Public Schools for his admission to the Day School for Immigrants, a Boston public school. He had made no effort to attend the school to which he was destined at the time of visa issuance and at the time of his admission to the United States. He had actually started classes at the Day School for Immigrants when his application for transfer to that school was made. His financial support is allegedly to be furnished by one who is in this country as a nonimmigrant and whose authorized stay expires on August 15, 1965. It has not been established to the satisfaction of this office that the applicant is a *bona fide* nonimmigrant who seeks to remain in the United States temporarily and solely for the purpose of pursuing a full course of study and who has a residence abroad which he has no intention of abandoning. It has also not been established to our satisfaction that the applicant has or will have financial support to permit him to sustain himself while

126

pursuing a full course of study in the United States. Because of the foregoing factors and as a·matter of discretion exercised in the best interests of maintaining proper compliance with the intent of the law and control of nonimmigrant students, the following order is issued.

ORDER: It is ordered that the application for permission to transfer to the Day School for Immigrants be denied.